**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jim Munene,                                         )
                                                    )
      Plaintiff,                            )
                                                    )   No. CIV 25-579-TUC-CKJ
vs.                                                 )
                                                    )   **ORDER**
Markwayne Mullin, Secretary,                        )
Department of Homeland Security,                    )
                                                    )
      Defendant.                            )
_____ )

On October 16, 2025, Plaintiff Jim Munene ("Munene") filed a Complaint (Doc. 1) against Kristi Noem, Secretary, Department of Homeland Security ("DHS" or "the Agency"),[1] an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), and a Motion to Allow Electronic  Filing by a Party Appearing Without an Attorney (Doc. 3).

I. *In Forma Pauperis ("IFP")* (Doc. 2)

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1).  Munene's affidavit states he is employed, but his expenses exceed that income.  Munene states he currently receives $2000 in monthly income.  However, he states his expenses as $3,200 per month.  These monthly expenses include $1,200 support paid for others (the affidavit lists

---

[1]Markwayne Mullin is substituted as the Secretary of the Department of Homeland Security.  Fed.R.Civ.P. 25(d).

multiple children) and $800 for housing.  Other expenses include utilities, food, health-related, transportation, and insurance.

In this case, Munene's expenses significantly exceed his income.  In light of the expenses, it does not appear Munene's assets and income are actually available to Munene for payment of fees.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234-36 (9th Cir. 2015).  The Court finds Munene has made a sufficient showing he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  The Court finds Munene is unable to pay the fees and will grant the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

II.  *Electronic Filing* (Doc. 3)

Munene's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney indicates he has adequate electronic equipment and is able to comply with the requirements of the ECF Administrative Polices and Procedures Manual.  The Motion also indicates Munene is able to comply with the privacy policies of the Judicial Conference of the United States, https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files, Fed.R.Civ.P. 5.2, and the E-Government Act of 2002, https://www.justice.gov/opcl/e-government-act-2002.  The Court will grant the Motion and advises Munene that failure to comply with ECF requirements may result in the revocation of the permission to electronically file and receive documents.

Munene shall register and submit a Non-Attorney E-File Registration, https://www.azd.uscourts.gov/sites/azd/files/Non-Attorney%20E-File%20Registration.pdf, within five (5) days of the date of this Order.

III.  *Screening Order*

This Court is required to dismiss a case if the Court determines that the allegation of

poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court will screen Munene's Complaint herein.

IV.  *Munene's Complaint*

The Complaint alleges Munene, a Black, African American, United States Military War Veteran, and originally from Kenya, was employed as a Supervisory Border Patrol Agent for approximately 11 years.  Munene's allegations, generally speaking, result from two Equal Employment Opportunity ("EEO") complaints/investigations.

Munene alleges on March 28, 2014, Watch Commander Gilberto Ramirez ("Ramirez") told Munene that he knew about an "EEO complaint" filed by Munene, Munene should not have gone to the EEO Office but rather should have come to him, and it was necessary for Ramirez to know if Munene was having any issues at the Ajo Border Patrol Station ("Station"), personal or work related.  Ramirez also questioned Munene about lost equipment and whether he had written a memorandum to the Chief about the lost equipment.  Further, Ramirez verbally admonished Munene for losing his Personal Identity Verification ("PIV") card in January 2014; Munene asserts he had not lost his PIV card.

Munene also alleges he participated in an EEO investigation on March 9, 2017, at the Ajo Border Patrol Station (after driving from the Ajo Border Patrol Camp Site). Munene asserts he was charged with being AWOL on that same day.  Munene claims the adverse employment action of removal from federal service was for prior protected EEO activities against discrimination and retaliation with a pretext of being AWOL.

Generally, Munene received satisfactory performance ratings throughout his career. However, Munene's October 20, 2016, annual performance appraisal provided him with an overall rating of "Achieved Expectations."  His October 30, 2017, annual performance appraisal again provided him with an overall rating of "Achieved Expectations;" Munene

believes this rating was lower than he deserved.  On that same date, Munene became aware that he would not receive a 2017 annual performance award based on the 2017 annual performance appraisal rating.

A. *Discrimination*

Munene alleges the Equal Employment Opportunity Commission ("EEOC") erroneously "mixed-up" a Merit Systems Protection Board ("MSPB") case with the his EEOC AWOL case.  As a result of this, the EEOC in effect transferred its discrimination decision-making capability to the MSPB regarding the AWOL matter, even though the EEOC does not have the authority and jurisdiction to transmit an EEOC case to become an MSPB case.

Munene further alleges the MSPB did not have the authority to determine discrimination because its determinations are merit-based.  Additionally, Munene points to the EEOC's subsequent determination the MSPB erred by not applying a *McDonnell Douglas* analysis in its finding of a lack of discrimination and retaliation.[2]  Munene asserts the EEOC erred in relying on the MSPB decision and both the EEOC and the MSPB erred in failing to consider similarly situated Supervisor Michael Alvarado ("Alvarado"), a Hispanic, in their analyses.  Munene alleges that, while he was removed from federal service for AWOL, Alvarado was not removed for the comparable conduct.

Munene also alleges the Agency erred in issuing an erroneous and misleading Notice of Appeal, which led Munene to believe the EEOC had jurisdiction over an MSPB merit-based claim.  Munene alleges:

> he was confused and harmed by the Defendant's incorrect Notice of Appeal Rights,

---

[2]Munene quotes the EEOC findings that the MSPB Administrative Judge ("MSPB AJ") correctly determined the Munene had not established "a prima facie case of discrimination based on race, national origin, or color because he has not shown an evidentiary link between these bases and his removal[,]" but also found that Munene "can establish a prima facie case of reprisal."  Complaint (Doc. 1, p. 7), *quoting* EEOC Decision No. 2024004537 (Ex. 4 (Doc. 1-1, ECF p. 60 of 79)).

which directed him to appeal to the EEOC instead of the MSPB.  Plaintiff was prejudiced against holding discussions of merit with the MSPB but only held discussions of discrimination because of the misleading appeal rights that Defendant issued to Plaintiff to erroneously appeal to the EEOC instead of the MSPB. The Plaintiff was humiliated for his lack of knowledge in law and unknowingly appealed the erroneous appeal rights to the EEOC as he was wrongfully directed by the Defendant.

However, when the Defendant was caught mis leading the Plaintiff with the wrongful appeal rights to the EEOC, but not the MSPB, the Defendant caused more turmoil by haphazard ly issuing an errata notice that was even more confusing because the Plaintiff's appeal rights were prejudiced and beyond repair. The EEOC then vacated the Defendant's Final Agency Decision, but the Defendant refused to follow the EEOC Order to vacate the Final Agency Decision. (Exhibit 5; EEOC Decision No. 2019004938) which resulted in more confusion to the EEOC and MSPB instant complaints.

Complaint (Doc. 1, p. 7).

B. *Hostile Work Environment*

Munene asserts the Agency created a toxic work environment because of his protected activity claims.  He asserts he suffered humiliation and low self-esteem, which led to the deterioration of Munene's work ethic.  Munene alleges the toxic environment included being retaliated against, harassed in a systemic manner by Deputy Patrol Agent Daniel Parra, and charged with (1) AWOL and (2) neglecting his duties after Munene filed an additional discrimination claim against the Agency, and changed his work hours to attend the scheduled investigation interview, a protected activity.  Munene also asserts his EEO AWOL claim was suppressed. Complaint (Doc. 1, p.8), *citing* Complaint, Ex. 6, HWE & AWOL Claim and EEOC No. 540-2017-00337X (Doc. 1-1, ECF pp. 69-76).

Munene further alleges he received harassment threats from Ramirez: admonishing Munene for losing a PIV Card and threatening Munene with dire consequences if Munene continued reporting Defendant's prohibited personnel practices to the EEO counselor. Scared and humiliated, Munene immediately wrote a memorandum to the Deciding Official, Chief of the Border Patrol, Rudolfo Karisch ("Karisch"), against the harassment he encountered from Ramirez for being reprimanded for losing a PIV Card that Plaintiff had not lost.  Munene asserts Hispanics Ramirez and Karisch treated him disparately and did not

correct the harassment.  Munene asserts the Complaint regarding the threats was never resolved; rather, the Agency hid the PIV card claim evidence into a separate case to suppress discovery information.  Munene asserts "it was the Defendant who manipulated the PIV card claim evidence after investigating himself so that he could prejudice Plaintiff against a fair opportunity at Trial in the instant case, yet the PIV card claim was ripe for presentation as evidence in the instant case because the investigation had been completed by the EEO Counselor."[3]  Complaint (Doc. 1, p. 8).  Further, Munene alleges Defendant's suppression of the evidence, in effect, prevented him from presenting evidence linking the PIV card claim with his harassment claim.  In other words, Munene asserts that Defendant failed to "provide a Report of Investigation from the EEO Counselor to Plaintiff that linked the [harassmnt] claim with the PIV card claim" and by treating the harassment "claim as a standalone claim not linked to the PIV card claim[,]" Defendant prevented a full presentation of Munene's claim regarding disparate reprimand treatment by Ramirez.  Complaint (Doc. 1, p. 8).

C. *Retaliation*

Munene also alleges retaliation based on (1) Defendant charging him with AWOL and terminating his federal service for engaging in an EEO investigation,[4] (2) Ramirez threatening Munene to stop reporting prohibited EEO prohibited personnel actions, (3) Defendant failing to "keep notes" to provide accurate performance reviews which resulted in the arbitrary issuance of performance appraisals that were subject to abuse and bias and led to disparate treatment,[5] (4) Defendant failing to follow its own policies regarding

[3]It appears from the Complaint the Defendant referenced by Munene is Ramirez.

[4]Munene asserts being AWOL is not a removable offense according to Defendant's Table of Offences & Penalties.

[5]Although not specifically stated, Munene appears to be referring to performance reviews made by Ramirez.

- 6 -

performance reviews and, after conceding its failings, failed to correct it conduct to comply with those policies, and (5) Defendant issuing an unfair performance review and bonus.

D. *Procedural Due Process*

Munene's Complaint also alleges his Fifth Amendment procedural due process rights were violated by Defendant issuing a Notice to File a discrimination claim to the EEOC, but not the MSPB. Munene asserts Defendant also misled the EEOC, such that it issued a confusing Order that vacated the Defendant's Final Agency Decision ("FAD"). After again being misled by Defendant, the EEOC vacated the confusing Order. Munene asserts he was prejudiced to believe he was dealing with a discrimination complaint but not a merit complaint and prejudiced by "the conflicting EEOC Order to vacate the FAD whereby the Defendant refused to abide by the EEOC Order that vacated the FAD." Complaint (Doc. 1, p. 10).

Munene also alleges Defendant "deviously self-manufactured an Errata[,]" Complaint (Doc. 1, p. 10), which "corrected its final decision by replacing the EEOC appeal rights with appeal rights to the MSPB." Complaint, Ex., 4, January 8, 2025, EEOC Decision, No. 2024004537 (Doc. 1-1, p. ECF p. 56 of 79). Defendant then argued the Errata corrected the Defendant's mistake of issuing a Notice to File a discrimination claim to the EEOC, but not the MSPB. Munene alleges, however, the damage to his procedural due process rights had already been committed because he was "prejudiced against a fair trial at the MSPB." Complaint (Doc. 1, p. 10).

Munene also alleges that his due process rights were violated by Defendant, after investigating itself, burying substantive evidence in a separate prior protected activity case, thus hiding the evidence from the EEOC and MSPB.

Munene further alleges Defendant violated his due process rights by relying on the Table of Offenses & Penalties ("Table") despite not providing the Table to him. Munene argues the MSPB's issuance of an order that did not include a discussion of the appropriate

- 7 -

penalty from the Table in the Notification of Removal Letter but included it in the Removal Letter, meant the "MSPB Order was erroneously blind to the Table[.]" Complaint (Doc. 1, p. 10). It appears Munene is asserting his due process rights were violated because he was not on notice of the applicability of the Table and was prejudiced because he did not have the opportunity to argue against its applicability.

V. *General Requirements*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed.R.Civ.P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Especially where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Indeed, a "complaint [filed by a pro se plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), *quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *per curiam*.

A complaint must set forth sufficient facts that serves to put defendants on notice as to the nature and basis of the claim(s). Failure to name potential defendants or sufficient facts to advise a defendant of the claim(s) may result in no claim(s) being presented against a defendant. Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Fed.R.Civ.P. 10(a). "Each claim . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." *Id*. Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303, 1307, n.1 (D.C.Va. 1981). Enforcement of this rule is

discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), *aff.* 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine nature of claims). In other words, Munene may not simply reference other documents in a complaint and expect the Court and other parties to search for facts that may support his claim(s); a complaint itself must set forth sufficient facts that serves to put defendants on notice as to the nature and basis of the claim(s).

VI. *Requirement that Action State a Claim on Which Relief Can be Granted*

The United States Supreme Court has determined that, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555. Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id*. at 555 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id*. at 555. Although a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) has not been filed in this case, the Court considers these standards in screening Munene's Complaint to determine if Munene has "nudge[d] [his] claims across the line from conceivable to plausible." *Id*. at 570. The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardue*, 551 U.S. 89 (2007); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002) (a complaint need not plead a prima

facie case of discrimination, but a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"), *quoting Twombly*, 550 U.S. at 570.

In discussing *Twombly*, the Ninth Circuit has stated:

"A claim has facial plausibility," the Court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Id.*

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

This Court must take as true all allegations of material fact and construe them in the light most favorable to Munene. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint.

VII.   *Relevance of CV 25-050 – Duplicative Litigation*

The facts and causes of action presented in Munene's Complaint repeat the facts and causes of action presented in CV 25-050. In that case, this Court, after permitting Munene an opportunity to amend his Complaint to state claims upon which relief could be granted, dismissed Munene's claim for a hostile work environment and Munene's claim for a procedural due process violation regarding the MSPB's order. The Court also determined Munene had stated claims for adverse action discrimination claim, retaliation, and the

- 10 -

additional procedural due process claims.

As stated by another district court, "[a]s a general matter, duplicative litigation is subject to dismissal under 28 U.S.C § 1915." *Socolov v. Utah*, No. 220CV02327GMNEJY, 2021 WL 537107, at *1 (D. Nev. Jan. 19, 2021), *citing Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (affirming that duplicative litigation is "an independent ground for dismissal"); *Hernandez v. Denton*, 861 F.2d 1421, 1426 (9th Cir. 1988).  Indeed:

> Repetitive filings are [] subject to dismissal upon screening under 28 U.S.C. § 1915(d) as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  The court is required to screen complaints brought in civil actions by individuals filing in forma pauperis. 28 U.S.C. § 1915(e)(2).  If, after screening, the court determines that the complaint is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, it must dismiss the complaint. *Id.*  "[D]ismissal of an action as duplicative has been found to fall within the ambit of the Court's power to dismiss a complaint which is frivolous or malicious pursuant to 28 U.S.C. § 1915(e)." *Humphrey v. Court Clerk ex rel. U.S. Supreme Court*, No. 5:11-CV-0938 GTS/ATB, 2012 WL 264603, at *3 (N.D.N.Y. Jan. 30, 2012) (collecting cases).

*Denis v. U.S. Imm. & Customs Enf.,* Nos. 1:21-cv-00001, 1:21-cv-00004, 1:21-cv-00005, 2021 WL 6928982 * 2 (D.N.Mar. 2021).

Additionally, irrespective of 28 U.S.C. § 1915(d) , a plaintiff generally does not have a right "to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. California*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). *Adams*, 487 F.3d at 688.  "Applying this principal, a district court has discretion to dismiss a later-filed action that is duplicative of proceedings already before it." *Id*.

In determining whether a later-filed action is duplicative, the court examines "whether the causes of action and relief sought, as well as the parties or privities to the action, are the same." *Adams*, 487 F.3d at, 689, *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). Dismissal of a duplicative lawsuit "promotes judicial economy and the comprehensive disposition of litigation." *Adams*, 487 F.3d at 692-93.

In this case, the parties/privities are the same.  However, Munene's Am. Complaint in CV 25-050 states he filed a charge with the EEOC (or an EEO counselor) regarding

- 11 -

Defendant's alleged discriminatory conduct on July 30, 2018, while in this case Munene states he filed such a charge on April 4, 2017.  While the general statement of damages is the same in both cases (e.g., back and front pay, compensatory and punitive damages), the specific amounts of actual and punitive damages are different.

Although the dates of charges with the EEOC are different, the factual allegations in the two cases are clearly based on the same conduct.  For example, Munene alleged in both cases facts and claims stemming from the alleged AWOL while he was interviewing with an EEO counselor.  Further, both cases extensively discuss the removal proceedings, including Defendant providing a Notice to File a discrimination claim to the EEOC, but not the MSPB, Defendant misleading the EEOC, Defendant relying on an Errata in attempting to correct their mistake, Defendant hiding evidence from the EEOC and MSPB, and Defendant failing to provide the Table to Munene.

The distinction between the two cases (other than the stated dates of charges with the EEOC) is that in this case, CV 25-579, further administrative decisions have been issued. *See e.g.*, Complaint, Ex. 1, July 17, 2025 EEOC Decision (Doc. 1-1).  However, the underlying facts and causes of action remain the same.  For example, Munene does not allege a procedural due process claim against the EEOC.

To the extent Munene is restating the claims upon which the Court determined he stated claims upon which relief could be granted (i.e., claims for adverse action discrimination claim, retaliation, and procedural due process claims, other than the one regarding the MSPB order, the Court finds these claims are duplicative and will dismiss these claims.

As to Munene's claim regarding procedural due process regarding the MSPB order, this claim is also duplicative of the claim Munene attempted to state in CV 25-050.  Further, in dismissing this claim in CV 25-050, the Court discussed that Munene had not adequately alleged he did not receive notice of the charges against him, did not receive an explanation of the employer's evidence, and was not afforded an opportunity to present his side of the

story before termination.  Munene's complaint in this case continues to inadequately alleged a procedural due process claim.  The Court will dismiss this claim as duplicative.

VIII.  *Conclusion*

Munene attempts to restate claims addressed in CV 25-050.  However, he does not have the right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.  The Court recognizes in the CV 25-050 Am. Complaint, Munene stated he believed Defendant was still committing the acts against him.  Complaint (Doc. 7, p. 4). It appears this case simply presents additional evidence in support of Munene's claims in CV 25-050.

Further, in the event additional claims relating to the Am. Complaint in CV 25-050 arise, Munene may seek to file a supplemental pleading.  Indeed, a "supplemental pleading may properly allege events occurring after the original complaint was filed and identify any new parties involved therein."  Schwarzer, Tashima, & Wagstaffe, *Fed. Civ. Proc. Before Trial*, § 8:495 (the Rutter Group 2008); *see also* Fed.R.Civ.P. 15(d) (supplemental pleading permitted where it sets out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."); *Griffin v. County School Board*, 377 U.S. 218, 226-227, 84 S.Ct. 1226, 1231 (1964), *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) ("While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action[.]'"); *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988) (where a supplemental pleading technically states a new cause of action, that is "only a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches.").

Further, in light of the duplicative litigation, it is case clear an amended complaint could not cure the deficiencies.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  The Court, therefore, will dismiss the Complaint without leave to amend.

Accordingly, IT IS ORDERED:

1.      Munene's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED.

2.      Munene's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 3) is GRANTED.

3.      Munene may electronically file documents in this case pursuant to the ECF Administrative Policies and Procedures Manual, Section II.B.3.

4.      Munene must comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete and submit the Non-Attorney E-File Registration[6] within five (5) days of the date of this Order, and comply with the privacy policies of the Judicial Conference of the United States, the E-Government Act of 2002, and Fed.R.Civ.P. 5.2.  Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to Munene.

5.      Munene's Complaint and the claims contained therein are DISMISSED as duplicative to CV 25-050.

6.      The Clerk of Court shall enter judgment and then close its file in this case.

DATED this 18th day of May, 2026.

_____
Cindy K. Jorgenson
United States District Judge

---

[6]*See* https://www.azd.uscourts.gov/sites/azd/files/Non-Attorney%20E-File%20Registration.pdf; https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf.